**Nos. 22-1353, -1355, -1357, -1358, & -1360**

# IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

IN RE: FLINT WATER CASES

LEE-ANNE WALTERS, ET AL.,
  *Plaintiffs*,

E.S.; A.T.; R.V.; D.W.,
  *Plaintiffs-Appellees*,

v.

RICHARD DALE SNYDER (22-1353); DARNELL EARLEY (22-1355); RICHARD BAIRD (22-1357); HOWARD D. CROFT (22-1358); GERALD AMBROSE (22-1360),
  *Defendants-Appellants,*

VEOLIA NORTH AMERICA, LLC; VEOLIA NORTH AMERICA, INC.; VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC; LOCKWOOD, ANDREWS & NEWMAN, P.C.; LOCKWOOD, ANDREWS & NEWMAN, INC.; LEO A. DALY COMPANY,
  *Defendants-Appellees.*

On Appeal from the U.S. District Court for the Eastern District of Michigan, No. 17-cv-10164 (Hon. Judith E. Levy)

**REPLY IN SUPPORT OF PETITION FOR REHEARING *EN BANC* OF VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC**

James M. Campbell
Alaina N. Devine
CAMPBELL, CONROY & O'NEIL P.C.
One Constitution Wharf, Suite 310
Boston, MA 02129
(617) 241-3000

Cheryl A. Bush
BUSH SEYFERTH PLLC
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800

Timothy S. Bishop
Michael A. Olsen
Mark R. Ter Molen
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
tbishop@mayerbrown.com

Michael E. Lackey, Jr.
Evan M. Tager
Minh Nguyen-Dang
Carmen Longoria-Green
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263-3000

*Counsel for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

## ARGUMENT

VNA sought rehearing *en banc* in this important case so that the full Court can consider a fundamental question about the Fifth Amendment privilege against compelled self-incrimination – one that Plaintiffs acknowledge is "an issue of first impression" in this Circuit. Pls. Br. 1. The question is whether a person who testifies voluntarily at his deposition in a civil case has waived the privilege, at least in part, for purposes of the trial in that same case. Two judges on the panel said no, but they could not agree on a rationale, and the other judge vigorously dissented. Because of the importance of the issue and this case, and the conflict between the panel's holding and decisions of the Supreme Court and the other courts of appeals, VNA has urged full Court review.

In response, the government witnesses who refuse to testify and Plaintiffs make a few arguments, each of which is fundamentally mistaken.

1. According to the witnesses and Plaintiffs, there is no circuit split because the First, Tenth, and Eleventh Circuits considered the issue presented in different contexts from the one involved here. But as VNA explained (Pet. 7-9), despite the different contexts, the fundamental issue in each case is the same – whether a waiver in a deposition extends to the trial in that same case. And the court in each case actually decided that issue on the merits; resolution of the issue was necessary to the result, not *dictum*. If a district court in those circuits were faced with the facts of this case, it

1

would be compelled to resolve the issue differently from the panel. That is the definition of a circuit split.

Start with the Tenth Circuit's decision in *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070 (10th Cir. 2009). That case involved whether the district court should have stayed a civil proceeding pending a related criminal proceeding. *Id.* at 1080. The witness wanted the district court to stay the civil case until after the criminal case was finished, because if the criminal case were ongoing at the time of her civil trial, she would not be able to testify in the civil trial for fear of self-incrimination (and she wanted to testify to help her case). *Id.* at 1081. The Tenth Circuit disagreed that she would have faced a risk of further self-incrimination if she had testified in the civil trial because she already had testified at her deposition and, by doing so, had "waived her Fifth Amendment privilege with respect to the questions she answered during her deposition." *Id.*

According to the government witnesses (Br. 5), the Tenth Circuit meant only that the trial court could use the witness's *deposition* at trial, and not that the witness could *testify* at trial. But that is not what the Tenth Circuit said. The witness was not faulting the district court because she wanted to play her deposition at trial; she wanted to testify at trial. *Creative Consumer Concepts*, 563 F.3d at 1081. That is the argument the Tenth Circuit addressed, and it clearly held that the effect of the witness's voluntarily testifying at her deposition was to waive the privilege for purposes of her

trial testimony. *Id.* Notably, both of the judges on this panel who addressed *Creative Consumer Concepts* understood the Tenth Circuit's decision as saying that the witness had waived the privilege as to new trial testimony, and not merely as to her prior deposition testimony. *See* Op. 25 (opinion of Griffin, J.); *id.* at 60 (Moore J., concurring in part and dissenting in part). *Creative Consumer Concepts* thus is directly on point.

The Eleventh Circuit's decision in *De Lisi v. Crosby*, 402 F.3d 1294 (11th Cir. 2005), likewise is on point. In that case (which arose on federal habeas review), the trial court had allowed a witness who had testified at a pre-trial deposition to invoke the Fifth Amendment privilege to avoid testifying on the same topic at the trial. *Id.* at 1301. The defendant argued that the witness had waived the privilege by testifying at his deposition; the respondent did not dispute that the trial court had erred "by allowing [the witness] to invoke his privilege after [the witness's] previous waiver"; and the Eleventh Circuit stated *three times* that the trial court "erred." *Id.* *De Lisi* thus "directly held" that a "witness who waives their Fifth Amendment privilege during a deposition also waives it for the trial that follows." Op. 60 (Moore, J., concurring in part and dissenting in part).

As the government witnesses note (Br. 6-7), the Eleventh Circuit went on to hold that the error was harmless. But that does not negate the court's express holding that there was an error because the witness had waived the Fifth Amendment privilege by testifying at his deposition. District courts

3

understand that the waiver holding is binding law in the Eleventh Circuit. *See Griffin v. City of Atlanta*, No. 20-cv-2514, 2022 WL 5241914, at *11 (N.D. Ga. Aug. 30, 2022); *Wicker v. Paramatma*, No. 19-cv-21, 2020 WL 13539120, at *4 (N.D. Ga. Mar. 9, 2020); *Banco Intercontinental, S.A. v. Alvarez Renta*, No. 04-cv-20727, 2007 WL 9761291, at *1 (S.D. Fla. July 13, 2007). And the rule the Eleventh Circuit adopted is directly contrary to the rule adopted by the panel in this case. Pet. 7-9.

The final relevant federal court of appeals decision is *Microfinancial Inc. v. Premier Holidays International, Inc.*, 385 F.3d 72 (1st Cir. 2004). That case also addressed whether a district court should have stayed a civil case pending a related criminal proceeding, and the First Circuit (like the Eleventh Circuit) held that the district court did not err in refusing to grant the stay. *Id.* at 77-80. As VNA acknowledged (Pet. 7), the court did not say that the witness actually had waived the privilege by voluntarily testifying at his deposition; instead, the court said that it was "likely." *Id.* at 78-79. But that provides useful guidance on the First Circuit's views on the issue, which the district courts in the circuit have recognized. *See e.g., SEC v. Caramadre*, 717 F. Supp. 2d 217, 221 (D.R.I. 2010). Indeed, the First Circuit stated that the "choice[]" to waive the privilege at a deposition "ha[s] consequences." *Microfinancial*, 385 F.3d at 78. A district court in that circuit would be hard-pressed to hold that the witnesses here have not waived their privilege for trial.

4

2. The witnesses and Plaintiffs next argue that there is no conflict with the Supreme Court's decision in *United States v. Mitchell*, 526 U.S. 314 (1999), because the Court held that waiver of the privilege at a plea colloquy does not extend to a sentencing hearing, *see id.* 326-27, just like the panel here found that a waiver in a deposition did not extend to a trial, Pet. 12. But the Court set out the general rule that a waiver lasts for a proceeding, and application of that general rule depends on the particular activities at issue. *Mitchell*, 526 U.S. at 321. A plea colloquy and a sentencing hearing have fundamentally different purposes, and the criminal defendant would not expect a waiver at a colloquy to carry through to the sentencing. *Id.* at 322-24. Here, there is a tight connection between a deposition and a trial in the same civil case, and a deponent cannot be surprised if he or she is called to give the same testimony at the trial. Pet. 10-11. *Mitchell*'s reasoning supports a finding of waiver here.

The government witnesses suggest (Br. 10) that VNA forfeited this argument, which is flatly incorrect. *See* VNA Resp. Br. 28. They also argue (Br. 9) that what mattered in *Mitchell* is whether there was a danger of a witness using the privilege as a sword and a shield. Even if that were true, VNA explained how the panel's rule would lead to gamesmanship. Pet. 11-12; *see* Op. 65 (Moore, J., concurring in part and dissenting in part). The government witnesses' only response (Br. 13) is to deny that *they* are engaging in gamesmanship. But they testified at their depositions to try to avoid

5

liability (using the privilege as a shield), and now that they have settled with the Plaintiffs, they are refusing to testify (using the privilege as a sword). Pet. 11.

3. Finally, the witnesses and Plaintiffs seek to downplay the extent to which the panel's decision would impair the fact-finding function of civil trials. The thrust of their arguments is that if a litigant can cross-examine a witness at the deposition, nothing is lost by playing that deposition at trial. They simply ignore that the Supreme Court, this Court, and countless other courts have recognized that live testimony is far superior to deposition testimony. *See* VNA Resp. Br. 51 (citing cases).

VNA wants the government witnesses to testify to tell the full story of what happened in Flint. The public also has a strong interest in hearing from them. And VNA provided the district court with the list of topics on which it was going to question the witnesses. R.753-2, PageID.46774-46775. Plaintiffs say (Br. 13-14) that VNA wants the government witnesses only to invoke the privilege before the jury, not to testify. That is mistaken – VNA has consistently sought to have them testify. And if they do not, the law is clear that the jury can draw an adverse inference from their silence. *See Leapers, Inc. v. SMTS, LLC*, 879 F.3d 731, 739 (6th Cir. 2018).

Under the government witnesses' view, trial-by-deposition would become the norm, not the exception. They argue (Br. 13) that the possibility of a perjury charge means that a witness should be able to invoke the privi-

6

lege any time he or she is called on to testify more than once. That would encourage litigants to try to conduct full trial cross-examinations at *every* deposition – as the witnesses appear to acknowledge. *See* Witnesses Br. 14 (arguing that litigants should know that they might only get "one bite at the apple"). The witnesses suggest (Br. 15) that they faced a heightened fear of perjury because *VNA* has accused them of lying in their depositions, but they cite no support for the idea that a civil litigant's disagreement with a witness is a basis for a prosecutor to file a criminal perjury charge.

The government witnesses' approach would make depositions interminably long and would make trials an afterthought. That is not how our system works. Here, for example, VNA stopped questioning the government witnesses at their depositions because it had adequately explored the scope of their testimony, which was the purpose of the depositions. Like everyone (including the government witnesses), VNA had every expectation that the witnesses would testify at trial, and that it would conduct its cross-examinations at trial; VNA was not required to reveal its trial strategy by conducting those examinations at the depositions. And if VNA and all the other parties had sought to conduct a full trial examination at every deposition, each deposition would have needed to last far longer than the time allocated. Then at the trial, the jury would watch video testimony for most of the trial, instead of seeing key witnesses live. That would seriously impair the jury's ability to assess credibility.

7

Anyway, VNA could not have conducted its trial examinations at the depositions even if it had wanted to. New evidence came to light only after the witnesses' depositions, including for the first time at trial. *See* VNA Response Br. 49. The only time VNA could have, and should have, questioned the witnesses about that evidence was at trial. Yet the panel's decision, if uncorrected, would shield the witnesses from trial, perhaps entirely.

## CONCLUSION

The Court should grant rehearing *en banc*.

Respectfully submitted,

Dated: December 19, 2022

| | |
|---|---|
| James M. Campbell<br>Alaina N. Devine<br>CAMPBELL, CONROY & O'NEIL P.C.<br>One Constitution Wharf, Suite 310<br>Boston, MA 02129<br>(617) 241-3000<br><br>Cheryl A. Bush<br>BUSH SEYFERTH PLLC<br>100 W. Big Beaver Road, Suite 400<br>Troy, MI 48084<br>(248) 822-7800 | /s/ *Timothy S. Bishop*<br>Timothy S. Bishop<br>Michael A. Olsen<br>Mark R. Ter Molen<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>(312) 782-0600<br>tbishop@mayerbrown.com<br><br>Michael E. Lackey, Jr.<br>Evan M. Tager<br>Minh Nguyen-Dang<br>Carmen Longoria-Green<br>MAYER BROWN LLP<br>1999 K Street, NW<br>Washington, DC 20006<br>(202) 263-3000 |

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), undersigned counsel certifies that this brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6).

Dated: December 19, 2022                     /s/ *Timothy S. Bishop*
                                                                            Timothy S. Bishop

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2022, I filed the foregoing document with the Clerk of the Court using the appellate CM/ECF system, which will transmit a copy of the document to all counsel of record.

                                        /s/ *Timothy S. Bishop*
                                        Timothy S. Bishop

# DESIGNATION OF RECORD

## E.D. Mich. No. 17-cv-10164

| Docket Number | Date | PageID Range | Description |
|---|---|---|---|
| R.753-2 | 3/29/2022 | 46771-46775 | Exhibit A to Motion for Leave to Appeal – March 24, 2022, VNA Letter |